# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

GEORGE WESLEY DEVEREAUX                                            **PLAINTIFF**

V.                                                  **NO. 3:13CV00258-JMV**

COMMISSIONER OF SOCIAL SECURITY                          **DEFENDANT**

## ORDER DISMISSING CASE

Before the court is the unopposed motion [23] of Carolyn W. Colvin, Acting

Commissioner of Social Security, to dismiss this case for lack of subject matter jurisdiction

pursuant to FED.R.CIV.P. 12(b)(1). Plaintiff did not respond to the motion within the 14-day

deadline set out in the local rules. Accordingly, the court rules as follows:

In his amended complaint [20], Plaintiff states he is complaining about "a decision which

in whole or in part adversely affects" him. Plaintiff further states the decision was not the ALJ's

decision "which was fully favorable, but was an error in the Award Letter of May 10, 2012,

denying the Plaintiff the proper back benefits due him." The amended complaint goes on to

allege that "[t]he [back benefits] decision has become the final decision of the Commissioner for

purposes of judicial review" and that Plaintiff has exhausted administrative remedies.

By the instant motion, the Commissioner argues that the ALJ's May 10, 2012, fully

favorable disability determination does not provide this court with subject matter jurisdiction

over the Social Security Administration's ("SSA") June 6, 2012 Notice of Award. Further, the

Commissioner has established by way of the administrative transcript and a Declaration of a

representative of SSA that Plaintiff failed to properly pursue his administrative appeal rights

with respect to the back benefits determination in the June 6, 2012, Notice of Award when he

failed to file a request for reconsideration.

A "factual attack" on the complaint challenges the existence of subject matter jurisdiction in fact, and matters outside the pleadings, such as testimony and affidavits are considered. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The "plaintiff is . . . required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Title 42 U.S.C. § 405(g) authorizes judicial review by this court of "any final decision of the Commissioner of Social Security made after a hearing." *See* 42 U.S.C. § 405(g). This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council. *See* 20 C.F.R. § 416.1400(a) (explaining that a decision by the Social Security Administration only becomes final once the four-step process has been completed).

In this case, the ALJ's May 10, 2012, fully favorable disability decision and the SSA's June 6, 2012 Notice of Award (containing the initial determination of back benefits due) constitute two separate agency determinations. Because Plaintiff failed to exhaust his administrative remedies when he failed to appeal the initial determination of his back benefits contained in the June 6 Notice of Award, this court does not have jurisdiction over this case. Therefore, this case is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**THIS,** the 20th day of May, 2014.

/s/ Jane M. Virden
**U. S. MAGISTRATE JUDGE**